```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT


RANDY J. ROULEAU, MARLYNN G.      :
ROULEAU, RAN-MAR, INC. AND        :
R&G PROPERTIES, III, INC.         :
                                  :
          v.                      :
                                  :
OCWEN FEDERAL SAVINGS BANK FSB,   : CIVIL NO. 1:06CV15
OCWEN LOAN SERVICING, LLC,        :
OCWEN FINANCIAL CORP.,            :
OCWEN CORP., EXPERIAN             :
INFORMATION SOLUTIONS, INC.       :
AND EXPERIAN SERVICES CORP.       :
_____ :
```

RULING ON MOTION TO DISMISS
(Paper 10)

In a multi-count complaint setting forth claims under a variety of federal and state laws, the plaintiffs allege the defendant corporations either misreported the existence of their mortgage debt to credit reporting agencies or attempted to collect a debt they knew the plaintiffs did not actually owe. See generally Complaint (Paper 6). Defendant Ocwen Loan Servicing, LLC, which identifies itself as "successor to Ocwen Federal Bank, FSB, erroneously named herein as Ocwen Federal Bank FSB, Ocwen Loan Servicing, LLC, Ocwen Financial Corp., and Ocwen Corp." (Paper 10 at 1) (hereinafter collectively referred to as "Ocwen"), has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

1

When ruling on a motion to dismiss, the Court must accept the plaintiffs' well-pled allegations as true.  See, e.g., Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  Solely for the purpose of deciding this motion, the Court accepts the following allegations as true.

The plaintiffs allege, inter alia, that, on or about June 28, 2002, Ran-Mar, Inc. borrowed $325,000 from a company named "HomeAmerican, Credit, Inc."  Paper 6 at para. 14.  Plaintiff R&G Properties, III, Inc. provided collateral for the loan in the form of a surety mortgage on one parcel of property located at 542 Barre Montpelier Road in Berlin, Vermont.  Paper 6 at paras. 15, 17.

After the closing, the plaintiffs discovered the "Surety Mortgage was made up of more than one page, was in a completely different format than the Exhibit A that was appended to the Surety Mortgage at the time of execution, and described not one but two different parcels of land: 542 Barre Montpelier Road, Berlin, Vermont, and another parcel owned by R&G Properties III, Inc., known as 77 Vine Street, Barre, Vermont."  Paper 6 at para. 26.  The plaintiffs maintain the inclusion of this additional parcel was fraudulent and that, in any event, the lender was not authorized to make commercial loans under Vermont law.  See Paper 6 at paras. 27-28.

The complaint recounts that, after a series of transfers, Ocwen purportedly became the owner and/or servicer of the loan at issue, a status which plaintiffs dispute.  <u>See</u> Paper 6 at paras. 39-42.  Plaintiffs further allege that, despite knowing of their claim of fraud concerning the amount and enforceability of the debt, Ocwen continued to enforce the debt and ruined plaintiffs' credit rating by reporting nonpayment to agencies such as Experian.  <u>See</u> Paper 6 at paras. 50 <u>et</u> <u>seq.</u>

The plaintiffs assert a variety of claims again Ocwen, including breach of contract, negligence, civil conspiracy and violation of the Fair Credit Reporting Act.  One overarching theme of plaintiffs' complaint is that, in conducting itself pursuant to the contracts over which it assumed responsibility, Ocwen violated the implied covenant of good faith and fair dealing.

Under Vermont law, the covenant of good faith and fair dealing applicable to every contractual relationship is broadly interpreted. <u>See</u>, <u>e.g.</u>, <u>Carmichael v. Adirondack Bottled Gas Corp. of Vt.</u>, 161 Vt. 200, 208 (1993).  It "prohibits one party to the contract from taking advantage of the 'necessitous circumstances' of the other." <u>Monahan v. GMAC Mort. Corp.</u>, 2005 VT 110, para. 44 (citation omitted).  Furthermore, "implied contractual obligations of good faith and fair dealing may coexist with express provisions which seemingly negate them where

common expectations or the relationship of the parties as structured by the contract so dictate." Id. at para. 62 (citations and quotations omitted).

"In the end, good faith is ordinarily a question of fact, one particularly well-suited for juries to decide." Carmichael, 161 Vt. at 208. The plaintiffs' allegations arguably set forth a breach of the covenant of good faith and fair dealing in conjunction with the defendants' alleged assumption of contractual obligations or servicing of the loan at issue.

Similarly, Vermont has adopted the standard set forth in section 552 of Restatement (Second) of Torts for adjudicating claims of negligent misrepresentation. See Repucci v. Lake Champagne Campground, Inc., 251 F. Supp. 2d 1235, 1238 (D. Vt. 2002). Under section 552(1), a party may be found liable for damages when, in the course of business, it "supplies false information for the guidance of others" and "fails to exercise reasonable care or competence in obtaining or communicating the information." Id. (citing Restatement (Second) of Torts). Accepting their allegations as true, it is possible that plaintiffs can prove Ocwen liable for negligent misrepresentation as a result of, inter alia, its attempts to enforce a lending agreement it knew or should have known was invalid. This same alleged failure to exercise reasonable care arguably supports plaintiffs' other negligence-based claims.

4

In short, Ocwen's argument that the complaint fails to set forth any viable cause of action is not well-taken.  Resolution of the merits of plaintiffs' claims requires further development of the factual record.  The Motion to Dismiss is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 25th day of April, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge