```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT

RANDY J. ROULEAU, MARLYNN G.            :
ROULEAU, RAN-MAR, INC. and              :
R&G PROPERTIES, III, INC.,              :
        Plaintiffs                      :
                                        :
            v.                          :
                                        :
OCWEN FEDERAL BANK FSB,                 :
OCWEN LOAN SERVICING, LLC,              :
OCWEN FINANCIAL CORP.                   :
and OCWEN CORP.,                        :
        Defendants                      :
_____ :
OCWEN LOAN SERVICING, LLC.              :    Civil No. 1:06CV15
on behalf of JPMorgan Chase             :
Bank, N.A., as Trustee for the          :
Registered Holders of ABFS Mortgage     :
Loan Trust 2002-3, Mortgage Pass-       :
Through Certificates, Series 2002-3     :
        Counterclaimant and             :
        Third-Party Plaintiff           :
                                        :
            v.                          :
                                        :
MARLYNN G. ROULEAU and                  :
R&G PROPERTIES, III, INC.,              :
        Counter-Defendants              :
and                                     :
RHD DEVELOPMENT, CO., INC.,             :
        Third-Party Defendant           :
_____ :
MARLYNN G. ROULEAU,                     :
        Counterclaimant                 :
                                        :
            v.                          :
                                        :
OCWEN LOAN SERVICING, LLC.              :
on behalf of JPMorgan Chase             :
Bank, N.A., as Trustee for the          :
Registered Holders of ABFS Mortgage     :
Loan Trust 2002-3, Mortgage Pass-       :
Through Certificates, Series 2002-3     :
        Counter-Defendant               :
_____ :
```

RULING ON PRE-ANSWER MOTION TO DISMISS
(Paper 39)

Ocwen Loan Servicing, LLC, successor to Ocwen Federal Bank, FSB (erroneously named in plaintiffs' Complaint as Ocwen Federal Bank FSB, Ocwen Loan Servicing, LLC, Ocwen Financial Corp., and Ocwen Corp., and hereinafter referred to collectively as "Ocwen"), see Paper 39 at 2, moves to dismiss plaintiff Marlynn Rouleau's counterclaim for failure to state a cause of action and as duplicative.

According to the plaintiff, Ocwen became the owner or servicer of a loan which it has unlawfully attempted to enforce against her, thereby ruining her credit rating. See generally Complaint (Paper 6) at paras. 39-53. In their Complaint, the plaintiffs assert a variety of claims against Ocwen, including breach of contract, violation of the implied covenant of good faith and fair dealing, negligence, civil conspiracy and violation of the Fair Credit Reporting Act.

Ocwen argues that Marlynn Rouleau has made these same claims in a counterclaim filed September 22, 2006. See Paper 38 at 3. In response, the plaintiff explains: "The party plaintiff on the third-party and 'counterclaim' complaint against which Mrs. Rouleau counterclaims for foreclosure is Ocwen Loan Servicing, LLC, on behalf of JPMorgan Chase Bank, N.A., as Trustee for the Registered Holders Of ABF's [sic] Mortgage Loan Trust 2002-3,

Mortgage Pass-through Certificates, Series 2002-3."  Paper 48 at 1.

    The plaintiffs' Complaint is already somewhat confusing, and the non-existent caption of the proposed "third-party and counterclaim" complaint does not alleviate that confusion, nor does it even identify a defendant.  <u>See</u> Paper 38 at 3.  The plaintiffs are advised that an amended complaint provides a more clear and effective way to present additional allegations.  <u>See</u>, e.g., <u>Reinholdson v. State</u>, 2002 WL 32658480, *2 (D. Minn. 2002) (a complaint must "articulate which Plaintiff is suing which Defendant for what cause of action."); <u>Lipson v. Supercuts, Inc.</u>, 1996 WL 312090, *2 (N.D. Ill. 1996) ("Rule 17(a) expressly provides that parties should be allowed to cure defective pleadings regarding the real party in interest" by amendment.).

    The Motion to Dismiss is GRANTED without prejudice.

    The plaintiffs are ORDERED to file an amended complaint on or before December 22, 2006, which clearly and succinctly sets forth their allegations, and which complies with Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 10(a).

    SO ORDERED.

    Dated at Brattleboro, Vermont, this 27th day of November, 2006.

                                      /s/ J. Garvan Murtha
                                      J. Garvan Murtha
                                      United States District Judge