```
                     UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT


RANDY J. ROULEAU, MARLYNN G.            :
ROULEAU, RAN-MAR, INC. and              :
R&G PROPERTIES, III, INC.,              :
         Plaintiffs                     :
                                        :
         v.                             :
                                        :
OCWEN FEDERAL BANK FSB,                 :
OCWEN LOAN SERVICING, LLC,              :
OCWEN FINANCIAL CORP.                   :
and OCWEN CORP.,                        :
         Defendants                     :
_____         :
OCWEN LOAN SERVICING, LLC.,             :    Civil No. 1:06CV15
on behalf of JPMorgan Chase             :
Bank, N.A., as Trustee for the          :
Registered Holders of ABFS Mortgage     :
Loan Trust 2002-3, Mortgage Pass-       :
Through Certificates, Series 2002-3     :
         Counterclaimant and            :
         Third-Party Plaintiff          :
                                        :
         v.                             :
                                        :
MARLYNN G. ROULEAU and                  :
R&G PROPERTIES, III, INC.,              :
         Counter-Defendants             :
and                                     :
RHD DEVELOPMENT, CO., INC.,             :
         Third-Party Defendant          :
_____         :
MARLYNN G. ROULEAU,                     :
         Counterclaimant                :
                                        :
         v.                             :
                                        :
OCWEN LOAN SERVICING, LLC.,             :
on behalf of JPMorgan Chase             :
Bank, N.A., as Trustee for the          :
Registered Holders of ABFS Mortgage     :
Loan Trust 2002-3, Mortgage Pass-       :
Through Certificates, Series 2002-3     :
         Counter-Defendant              :
_____         :
```

1

<u>RULING ON MOTIONS TO COMPEL</u>
(Papers 54 and 58)

The defendants (hereinafter collectively referred to as "Ocwen") have filed a Motion to Compel Discovery from Plaintiffs (Paper 54).  Ocwen alleges the plaintiffs have produced insufficient answers and documents in response to their outstanding interrogatories and requests for production.  <u>See</u> Paper 54 at 2.

In response, the plaintiffs have filed a Cross Motion to Compel Discovery (Paper 58).  The plaintiffs argue they have produced "some one thousand pages" of documents and "supplementary" responses to select interrogatories.  <u>See</u> Paper 58 at 1-2.

For the reasons set forth below, Ocwen's Motion to Compel is GRANTED, and Plaintiffs' Motion to Compel is DENIED.

Under Fed. R. Civ. P. 37(a)(2), a "party may move to compel disclosure and for appropriate sanctions" after conferring with the opposing party in a good faith attempt to resolve the dispute without court action.  "For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(3).  Where a motion to compel is granted, the Court has discretion to award the moving party "reasonable expenses" associated with making the motion.  <u>See</u> Fed. R. Civ. P. (4)(A); <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 763-64 (1980).

Ocwen's Motion to Compel (Paper 54)

In its motion, Ocwen has outlined a process which began on July 28, 2006, when it served on Plaintiffs its Interrogatories and Requests to Produce. See Paper 54 at 3. Despite a series of emails, telephone calls, and correspondence between the parties from September to November 2006, plaintiffs had not properly responded to Ocwen's request, producing virtually no documents, no response signed by Marlynn Rouleau, and incomplete responses from remaining plaintiffs. See Paper 54 at 3-4; see also Fed. R. Civ. P. 33(b)(2) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them.").

Plaintiffs' assertions of recent compliance aside, it appears they have not properly complied with Ocwen's requests to produce documents. Compare Paper 61 at 5 ("Plaintiffs' production of records consisted of a significant stack of copied materials but no identification of the source of the documents being produced.") with Fed. R. Civ. P. 34(b) ("A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request."). Plaintiffs' failure to timely produce requested documents or to properly object to their production constitutes a waiver of objections. See, e.g., Ramirez v. County of Los Angeles, 231 F.R.D. 407, 409

3

(C.D. Cal. 2005); <u>Smith v. Conway Org., Inc.</u>, 154 F.R.D. 73, 76 (S.D.N.Y. 1994). The plaintiffs are hereby ORDERED to produce all requested documents in a manner which complies with the Federal Rules of Civil Procedure, or risk the imposition of sanctions. <u>See</u> Fed. R. Civ. P. 37(b); <u>Quadrozzi v. City of New York</u>, 127 F.R.D. 63, 73-74 (S.D.N.Y. 1989) (court has wide discretion to impose sanctions).

Ocwen has appended the plaintiffs' responses to its interrogatories as Exhibit E to Paper 54. This document shows the plaintiffs have provided defendants little responsive information. <u>See</u> e.g., Ex. E. at paras. 2 (experts "Not known at this time"); 13 ("I don't recall" the documents which apparently underlie plaintiffs' claims); 15 (when asked to describe conduct supporting punitive damages claim, plaintiffs summarily reference "actions described in the Complaint"). The plaintiffs are hereby ORDERED to fully respond to Ocwen's outstanding interrogatories, or risk the imposition of sanctions, including the potential dismissal of their claims. <u>See</u> Fed. R. Civ. P. 37(b)(2)(C).

<u>Plaintiffs' Cross Motion (Paper 58)</u>

In their cross motion, the plaintiffs argue their refusal to respond adequately to Ocwen's discovery requests is justified by the defendants' failure to produce documents responsive to their interrogatories and requests for document production. <u>See</u> Paper 58 at 2-3.

4

In response, Ocwen asserts it has "timely produced over 600 pages' worth of documents, before Plaintiffs' produced even a single document."  Paper 62 at 2.  In addition, Ocwen has appended its interrogatory responses which, upon review, contain proper answers or objections to the questions posed.  The plaintiffs' Cross Motion to Compel is DENIED.

## Conclusion

Ocwen's Motion to Compel is GRANTED.  The plaintiffs are hereby ORDERED to comply fully with the orders contained in this ruling on or before February 9, 2007.

Plaintiffs' Cross Motion to Compel is DENIED.

Requests for the imposition of an award of expenses or other sanctions are DENIED without prejudice to renew in the event the plaintiffs fail to comply with this ruling and order.

SO ORDERED.

Dated at Brattleboro, Vermont, this 11th day of January, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge